## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY A. MILLER, | ) | |
|     Plaintiff, | ) | C.A. No. 2:09-cv-00263-GLL |
| | ) | |
| v. | ) | Honorable Gary L. Lancaster |
| | ) | |
| WESTINGHOUSE ELECTRIC CO., | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendant. | ) | |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties, through their respective counsel, as follows:

1. This Stipulation and Protective Order ("Stipulation") shall govern the production and use of certain confidential documents, as defined below ("Confidential Material") produced within the context of the above-captioned litigation involving Plaintiff Holly A. Miller and Defendant Westinghouse Electric Co. (at times, the "Action).

2. Confidential Material means any document or discovery material, or portions or reproductions thereof, which Defendant, in good faith, believes to contain privileged, confidential, nonpublic, proprietary or commercially sensitive information. Confidential Material includes, but is by no means limited to, salary information pertaining to Defendant's employees and other confidential or proprietary commercial information as Defendant may so designate.

3. Any Confidential Material shall have had stamped or affixed thereon the word "CONFIDENTIAL."  If a document cannot be so labeled without interfering with or obliterating all or a portion of its content, the document may be designated as confidential when produced with an accompanying transmittal letter stating the information is confidential and subject to this Stipulation.

4. Any and all Confidential Material and information shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this Action (including any appeals), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated, in any way, to anyone except those to whom such communication is necessary for the purposes permitted under this stipulation, and as set forth in sub-paragraph (b), below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to the below individuals, who agree not to disclose Confidential Material to any other person, and who agree that Confidential Material shall only be used for purposes of this Action.

   (i) Plaintiff, the parties' counsel of record, and counsel's employees or agents;

   (ii) Outside experts and consultants working with counsel to assist in the conduct of this Action, and for no other purposes, but only if such outside experts and consultants have been made aware of the existence of this Stipulation and agree to its terms in writing;

   (iii) Officers, directors, partners, employees or consultants of the parties as counsel, in good faith, require to assist in conducting this Action; and

   (iv) The Court (including court reporters, stenographic reporters and other court personnel).

5. Upon final termination of the Action (including any appeals), unless otherwise agreed to in writing by counsel of record for the producing party, each party shall promptly assemble and return <u>all</u> Confidential Material, including all paper and electronically stored

copies thereof, to the producing party. The producing party to whom Confidential Material is returned shall acknowledge the return of such Confidential Material in writing.

6. This Stipulation does not constitute a waiver of any party's right to object to discovery on any grounds, including the grounds that the information sought contains trade secrets, confidential business information and/or information in which third parties have a privacy right. This Stipulation does not constitute an admission by any party that any Confidential Material is in fact a trade secret, confidential business information and/or information in which a third party has a privacy right.

7. If another court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Stipulation, such party shall promptly notify the producing party of the pending subpoena or order and shall not produce the Confidential Material until the producing party has had reasonable time to object or otherwise take appropriate steps to protect the Confidential Material.

8. This Stipulation is not intended to govern the use of Confidential Material at any trial of the Action. The use of Confidential Material during trial will be resolved by the Court prior to or during trial.

9. The parties hereby recognize and acknowledge that this Stipulation shall govern discovery in the Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation by application to the Court, with notice to the other party, for good cause. This Stipulation shall not supersede any Orders of Court which have arisen or may arise in the Action.

Dated: August 13, 2009          By:     /s/ Michael N. Vaporis
                                        Michael N. Vaporis, Esquire
                                        PA I.D. No. 46333
                                        Law Office of Michael N. Vaporis
                                        840 Philadelphia Street
                                        Suite 301
                                        Indiana, Pennsylvania 15701
                                        (724) 465-5653
                                        Counsel for Plaintiff Holly A. Miller


Dated: August 13, 2009          By:     /s/ Stephen A. Antonelli
                                        Stephen A. Antonelli, Esquire
                                        PA I.D. No. 202133
                                        Babst, Calland, Clements & Zomnir, P.C.
                                        Two Gateway Center, 8th Floor
                                        Pittsburgh, Pennsylvania 15222
                                        (412) 394-5668
                                        Attorney for Defendant Westinghouse
                                        Electric Co.


Dated: August 20, 2009          SO ORDERED:

                                        s/Gary L. Lancaster                    J.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2009, I electronically filed the foregoing Stipulation and Protective Order with the Court's CM/ECF system, which will send notification to the following:

Michael N. Vaporis, Esquire
Law Offices of Michael N. Vaporis
840 Philadelphia Street
Suite 301
Indiana, Pennsylvania 15701
mvaporis@comcast.net

/s/ Stephen A. Antonelli
Stephen A. Antonelli